# 96 DTA 54

### TRIBUNAL DE CIRCUITO DE APELACIONES
### CIRCUITO REGIONAL DE MAYAGUEZ Y AGUADILLA

LUIS A. RODRIGUEZ RODRIGUEZ
Recurrido

v.

MUNICIPIO DE SAN SEBASTIAN
Peticionario

Núm. KLCE-96-00127

San Juan, Puerto Rico, a 21 de marzo de 1996

Panel integrado por su presidente, Juez Brau Ramírez
y los Jueces Colón Birriel y Delgado Hernández

Brau Ramírez, Juez Ponente

## TEXTO COMPLETO DE LA RESOLUCION

### I

El presente recurso de *certiorari* fue presentado bajo la Regla 18(B)(c) del Reglamento de este Tribunal. El Municipio de San Sebastián solicita la revisión de una resolución emitida el 13 de diciembre de 1995 por el Tribunal de Primera Instancia, Sala Superior de Aguadilla.

Mediante el dictamen en cuestión, el Tribunal, actuando en su función apelativa, denegó un recurso presentado por el Municipio para la revisión de una resolución emitida el 31 de marzo de 1995 por la Junta de Apelaciones para el Personal del Servicio Público *("J.A.S.A.P.")*. J.A.S.A.P. declaró con lugar una apelación presentada por el recurrido Luis A. Rodríguez Rodríguez y le ordenó al Municipio que lo repusiera en una plaza en el servicio regular de carrera.

Coincidimos con el Tribunal de Primera Instancia en que la decisión de J.A.S.A.P. fue correcta, por lo que denegamos el recurso.

Según se desprende de los documentos sometidos por la parte peticionaria, el recurrido comenzó a trabajar en el Municipio de San Sebastián el lro. de julio de 1991, como empleado de confianza, desempeñando labores de macero. El recurrido llevó a cabo estas funciones por casi dos años, hasta el 11 de junio de 1993, cuando fue transferido al área de mantenimiento del Centro de Salud Familiar del Municipio.

El recurrido no fue cesanteado de su posición de macero ni renunció a la misma. No existe informe alguno de cambio o nombramiento oficial a un puesto de encargado de mantenimiento. El recurrido no compitió para una plaza regular en el Municipio.

El recurrido laboró en el Centro de Salud por dos años más, comenzó en el área de limpieza. Luego se le asignó a conducir ambulancias. Durante este período las tareas asignadas al recurrido cotidianamente eran variables, conforme a las necesidades del servicio.

En octubre de 1992, el recurrido se reportó al Fondo del Seguro del Estado, como consecuencia de un accidente del trabajo. Permaneció en descanso hasta abril de 1993, cuando se le autorizó volver a trabajar mientras recibía tratamiento. La administración del Municipio había cambiado, en el interín.

El recurrido visitó la Oficina de Personal del Municipio para solicitar su reinstalación. El funcionario que lo entrevistó, el Sr. David Román Mercado expresó que desconocía que el apelante fuera empleado del Municipio y le indicó que investigaría el caso.

El Sr. Román investigó el expediente de personal del recurrido, descubriendo que éste había comenzado como empleado de confianza y que nunca se le había extendido un nombramiento como empleado regular. Ante esta situación, el Municipio optó por separarlo de su empleo, lo que le fue notificado al recurrido mediante comunicación del 26 de abril de 1993.

Insatisfecho, el recurrido presentó una apelación ante J.A.S.A.P. Esta, mediante su resolución del 31 de marzo de 1995, resolvió revocar la resolución recurrida y ordenar que se repusiera al recurrido en una posición regular en el servicio de carrera.

J.A.S.A.P. señaló que conforme a las disposiciones de transición de la Ley Núm. 81, Ley de Municipios Autónomos, aprobada el 30 de agosto de 1991, específicamente, conforme al artículo 12.025 de la citada Ley, Leyes de Puerto Rico a la pág. 584 (1991), aquellos empleados que a la fecha de la vigencia de la ley estuviesen *"desempeñando funciones permanentes del municipio, correspondientes al servicio de carrera, adqui[rían] status regular de carrera."* Observó que, a pesar de haber recibido un nombramiento de confianza, el recurrido no estaba en forma alguna involucrado en la formulación de política pública o realizando funciones de un puesto de este tipo. Al contrario, al momento de ser terminado realizaba funciones correspondientes al servicio de *"carrera",* por lo que J.A.S.A.P. concluyó que tenía derecho, bajo la citada disposición, a adquirir status regular de carrera. J.A.S.A.P. determinó, además, que el Municipio no tenía un plan de clasificación y de retribución, sino que se tomaba en consideración el número de empleados a base de un listado que aparecía en el presupuesto.

El Municipio solicitó reconsideración del dictamen de J.A.S.A.P., la cual fue denegada. Acudió entonces ante el Tribunal de Primera Instancia mediante un recurso de revisión. Mediante la resolución recurrida, el Tribunal denegó el recurso, al estimar que la decisión de J.A.S.A.P. había estado sostenida por evidencia sustancial en el récord, y que no había habido abuso de discreción en cuanto a su interpretación de la Ley.

En su recurso, el Municipio plantea que J.A.S.A.P. erró en su determinación original de que el recurrido realizaba funciones permanentes correspondientes a un puesto regular, en lugar de uno irregular o de confianza, y en su interpretación del art. 12.025 de la Ley de Municipios Autónomos.

En cuanto al primero de estos señalamientos, luego de un examen de los documentos debemos concluir, tal y como lo hizo el Tribunal de Primera Instancia, que la resolución de J.A.S.A.P. parece estar adecuadamente sostenida por evidencia sustancial en el récord. En efecto, no parece existir controversia alguna entre las partes que el tipo de funciones que estaba realizando el recurrido no correspondían a una posición de confianza y sí a las del servicio regular de carrera.

El Municipio insiste, empero, que el recurrido desempeñaba múltiples tareas dentro del Municipio, de acuerdo a las necesidades del servicio, por lo que no puede decirse que estuviese ocupando una plaza en particular o que estuviese realizando funciones permanentes. Lo cierto es que, según determinó J.A.S.A.P., las tareas que se le asignaban al recurrido son tareas más bien de naturaleza permanente, correspondientes al servicio de carrera. El recurrido tampoco recibió un nombramiento transitorio, sino que durante los años que trabajó para el Municipio, siempre se le consideró como un empleado regular.

La apreciación de J.A.S.A.P. en torno a las tareas en cuestión merece deferencia por este Tribunal. Véase, F*acultad Para Las Ciencias Sociales Aplicadas v. Consejo de Educación Superior*, ___ D.P.R. ___ (1993), **93 J.T.S. 88**, a la pág. 10,783.

El texto del artículo, por otro lado, requiere que el empleado esté desempeñando funciones permanentes del Municipio. El hecho de que el recurrido hubiera observado una rutina irregular en el desempeño de sus tareas no necesariamente significa que estos trabajos hubieran sido incidentales o no recurrentes. Ciertamente, el Municipio parece haber omitido brindar un contenido fijo a la plaza

que ocupaba el recurrido. De acuerdo a la prueba, el Municipio carecía de un plan organizado de clasificación y retribución de sus plazas. Pero esto no da base para concluir que dichas plazas no existían, o que el recurrido realmente no ocupaba posición alguna.

En apoyo a su argumento, el Municipio señala que el texto original del art. 12.025 de la Ley de Municipios Autónomos fue enmendado mediante la Ley 84 de 29 de octubre de 1992, para aclarar la intención del estatuto. Véase, Leyes de Puerto Rico, a la pág. 474 (1992), 21 L.P.R.A. sec. 4575 (Supl. 1995). El lenguaje original que hacía referencia al desempeño de *"funciones permanentes del Municipio fue variado para conferir el beneficio de "manten[er]" su status regular de carrera a aquellos empleados que a la fecha de vigencia de la Ley* "estén ocupando puestos permanentes de carrera".

El Municipio aduce que el recurrido no estaba ocupando puesto permanente específico alguno, sino que estaba clasificado como empleado de confianza, por lo que no tiene derecho a recibir el beneficio de una posición de carrera para la cual no compitió.

Reconocemos que el argumento del Municipio no es irrazonable. No obstante, J.A.S.A.P. expresamente ha adoptado una interpretación distinta del artículo y de la enmienda invocada por el Municipio. De acuerdo a la interpretación de la agencia, el efecto de la citada disposición de transición no sólo fue de preservar los derechos adquiridos por los empleados bajo la antigua Ley Orgánica de los Municipios, sino de convalidar cualquier defecto en el nombramiento de un empleado que al momento de aprobarse la nueva Ley estuviese desempeñando funciones permanentes correspondientes al servicio de carrera.

Al aprobarse el esquema actual de la Ley de Municipios Autónomos, la Asamblea Legislativa expresamente determinó que J.A.S.A.P. retendría jurisdicción sobre controversias surgidas bajo la misma. 21 L.P.R.A. sec. 4577 (Supl. 1995). Es un postulado básico del derecho administrativo que los tribunales vienen obligados a conceder gran peso y deferencia a la interpretación de una ley que realiza la agencia o funcionario encargado de ponerla en vigor, siempre que la misma sea razonable y no esté en conflicto con su propósito. Véanse, *Mangual Vélez v. Comisión Estatal de Elecciones*, ___ D.P.R. ___ (1995), **95 J.T.S. 121**, a la pág. 66; *Facultad Para Las Ciencias Sociales Aplicadas v. Consejo de Educación Superior, supra*, **93 J.T.S. 88**, a la pág. 10,783; *Secretario D.A.C.O. v. Junta de Condóminos*, 121 D.P.R. 807, 819-820 (1988).

En la situación de autos, la interpretación del precepto llevada a cabo por J.A.S.A.P. merece nuestra deferencia. Dicha interpretación es cónsona con otras leyes *in pari materia* adoptadas por la Asamblea Legislativa cerca del mismo período; véase, por ejemplo, la Ley Núm. 56 de 16 de agosto de 1989, Leyes de Puerto Rico, a la pág. 262 (permitiendo a empleados del Estado Libre Asociado que ocuparan posiciones transitorias adquirir status de carrera, de cumplir con ciertos requisitos).

Por los fundamentos expresados, se deniega el auto solicitado.

Lo pronunció el Tribunal y lo certifica la Secretaria General.

Sonia Pacheco Román
Secretaria General